### ATTORNEY AND CLIENT.

[Circuit Court of Hamilton County.]

SPANGENBERG v. ZUMSTEIN.

Decided, January 15, 1903.

*Judgment—Assignment of to Attorney by Client for Professional Services—Agency.*

One who assigns all right, title or interest in a judgment to an attorney in consideration of professional services theretofore rendered, the said attorney to account to the assignor for one-half the amount realized on the judgment, does not make the attorney an agent for the collection of the judgment, but invests him with full title thereto, and the attorney has the right to prosecute an action in his own name against the judgment debtor.

SWING, P. J.; GIFFEN, J., and JELKE, J., concur.

This was an action in the court of common pleas by Spangenberg against Zumstein on a bond given by said Zumstein

to one Kate Dilg to perfect an appeal from the judgment of Philip Winkler, a justice of the peace in this county, in an action pending before him.

This action in the court of common pleas was prosecuted in the name of Spangenberg, who claimed to be the owner of the judgment obtained by Kate Dilg in said action on appeal from said justice.

The only evidence in the case was that of Spangenberg, who testified that the judgment had been assigned to him by Kate Dilg, and the assignment was in the following words:

"Kate Dilg v. Christ Dilg. For value received I hereby and by these presents assign, transfer and set over to Ed. M. Spangenberg all my right, title and interest in and to the judgment herein.

"KATE DILG.

"Cincinnati, July 5, 1901."

On cross-examination Spangenberg testified as follows:

"Q. Is it not a fact that at the time of the assignment you agreed to pay one-half of any judgment you might recover to Kate Dilg?

"A. Yes, sir.

"Q. Did you pay any money as a consideration for the assignment of the judgment?

"A. The consideration for the assignment was professional services rendered by me to her, prior to the assignment."

This was all the evidence offered by either party; on it the court rendered judgment for the defendant and dismissed plaintiff's petition.

It is urged before us in support of the judgment that the evidence shows that Spangenberg is not the owner of the judgment and had no right to prosecute an action in his own name, as he is not the real party in interest as is required by Section 4993, Revised Statutes.

Was Spangenberg the owner of the judgment? We see no reason to question his absolute ownership of it. It was a chose in action owned by Mrs. Dilg, which she had a right to assign, and she did assign it to Spangenberg, and for a consideration

(which was for services rendered to her in the past by Spangenberg). The fact that Spangenberg was to pay over to Mrs. Dilg one-half of whatever he might recover on it did not leave in Mrs. Dilg any right as against Zumstein, that she had transferred to Spangenberg, and instead of her right against Zumstein, she had substituted one against Spangenberg. It is true that it arose out of the right that she had originally against Zumstein, but it was not the same right. The intention to us seems clear that she intended to vest in Spangenberg the ownership of the judgment and not constitute him her agent for the collection of it, of which he was to receive half when collected.

This case we think clearly distinguishable from the case of *Brown* v. *Ginn,* 66 Ohio St., 316, where the court found the party was the mere agent of the assignors whose claims had been assigned to the assignee for the purpose of collecting the same, and the only consideration moving between the parties in the transaction was to be the services to be thereafter rendered by the assignee in the prosecution and collection of the claims, and where the assignee by the terms of the assignment was to pay all costs of suit and pay over to the assignors the proceeds of the recovery in the judgments after deducting certain amounts due him for services rendered in recovering the same. The court held in this case that the assignee was the mere agent of the assignors, and not the owner of the claims, and that the transaction was champertous, but all the elements in that case seem to us to be lacking here.

Judgment reversed.

*J. J. Gasser,* for plaintiff in error.

*Shay & Cogan,* contra.